IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL NO. 101, PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 4:19-cv-467-DGK |
| MCCLAN CONSTRUCTION, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT

Plaintiffs are five employer benefit funds (the "Funds"),[1] a trustee of the Funds, and the labor organization representing the employees in the Funds. In June 2019, Plaintiffs filed suit against Defendant, seeking damages arising from Defendant's failure to make appropriate fringe benefit contributions to the Funds on behalf of its employees. Plaintiffs argue Defendant's failure breached a settlement agreement formerly agreed to by the parties.

Now before the Court is Plaintiffs' motion for default judgment (Doc. 6). It is GRANTED.

**Background**

Defendant employs Union members who perform work covered by various collective bargaining agreements ("CBAs"). Under the CBAs, the Defendant is required to: 1) contribute fringe benefits—various sums per hour for each employee covered by the CBAs; 2) submit regular written reports listing the name of each employee, the hours worked, and the amounts contributed for each employee; 3) allow the Funds' trustees to inspect and make copies of Defendant's records

---

[1] The Fund Plaintiffs include: the Operating Engineers Local No. 101, the Operating Engineers Local No. 101 Pension Fund, the Operating Engineers Local No. 101 Health and Welfare Fund, the Operating Engineers Local No. 101 Vacation Fund, and the Operating Engineers Local No. 101 Joint Apprenticeship and Skilled Improvement Fund.

pertaining to the employees' compensation and hours worked; and 4) pay Union dues. Defendant is also obligated to pay liquidated damages, interest, audit costs, and reasonable attorneys' fees and costs to enforce payments.

An audit conducted in 2018 revealed that Defendant had underreported hours and failed to remit contributions to the Funds from January 2015 to November 2017. Although this was a breach of §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 and § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, the parties reached a settlement agreement in which Defendant agreed to pay a total of $60,736.62 for unpaid benefits for the period from January 2015 to June 2018. This amount constituted delinquent contributions, liquidated damages, interest, and fees owed. Defendant made some initial payments, but soon started submitting untimely payments. By January 2019, Defendant had stopped making payments altogether. Ultimately, Defendant paid $38,261.42 in settlement installment payments and another $5,292.60 from a prepayment balance.

Accordingly, Plaintiffs filed this lawsuit in federal court. Defendant was served on June 24, 2019, but failed to participate in this action, so the clerk entered default against it. Plaintiffs then filed the instant motion for default judgment. Defendant did not respond.

## Standard of Review

Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* The plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16–

CV–00929–AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). A plaintiff may prove damages by an affidavit and supporting documentation. *See H&R Block Enters. LLC v. Ascher*, No. 4:15–cv–00178–SRB, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015) ("Affidavit evidence is sufficient to support an award of damages for purposes of a default judgment.").

## Discussion

The Court finds that Defendant breached the settlement agreement—as well as violated ERISA and the LMRA—by failing to pay the full $60,736.62 it owed to the Funds for delinquent contributions. Although Defendant paid some amount due under the settlement agreement, it still owes the Funds $17,182.60 for delinquent contributions, liquidated damages, interest, and fees.[2] Further, after Defendant breached the settlement, Plaintiffs performed another audit of the Funds and found additional delinquent contributions in the amount of $34,893.77, which includes delinquent contributions, liquidated damages, and interest. Thus, the Court finds Plaintiffs have proven that judgment should be entered against Defendant for $52,076.37.

Additionally, Plaintiffs seek attorneys' fees and costs of $2,519.25 for the work done in this case. The Court must determine that the fees are reasonable. *Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984). That determination is within the district court's discretion. *Id*.

Here, Plaintiffs' counsel's affidavit calculates fees of $2,019.25, representing 8.3 hours of attorney's time billed at $205 per hour, as well as 3.1 hours for paralegal services billed at $102.50 per hour. Costs, including the $400 filing fee and the $100 service of process fee, total $500. The

---

[2] The stipulated amount of the settlement was $60,736.62 for outstanding principal, liquidated damages, interest, the cost of the initial audit, and attorneys' fees. After applying $38,261.42 in settlement installment payments and another $5,292.60 from a prepayment balance, $17,182.60 is left outstanding on the settlement agreement.

Court finds, considering the amounts involved and the results obtained for Plaintiffs, the request for fees and costs of $2,519.25 is reasonable.

**Conclusion**

The motion for default judgment is GRANTED. The Court finds in favor of Plaintiffs as to liability. For the period from January 2015 to June 2018, Defendant is liable in the amount of $54,595.62, which includes $17,182.60 for the balance of the settlement agreement, $34,893.77 in unpaid delinquent contributions, and $2,519.25 in fees and costs.

**IT IS SO ORDERED.**

Dated: November 19, 2019        /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT